UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM JAMES TRUESDALE,

    Applicant,

v.                                  CASE NO. 8:21-cv-889-TPB-SPF

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Truesdale applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for second degree murder, for which he is imprisoned for life. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." Truesdale is barred from pursuing this "second or successive" application.

Truesdale's earlier application under Section 2254 in 8:13-cv-3029-CEH-MAP was dismissed as time-barred. The determination that the first application was time-barred causes the present application to be second or

successive, as *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014),* *cert. denied sub nom. Candelario v. Wilson*, 135 S. Ct. 2367 (2015), explains:

> [A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir.1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

Additionally, Truesdale's second attempt to pursue relief under Section 2254 was dismissed as second or successive in 8:19-cv-1244-CEH-TGW and in that case the circuit court denied Truesdale's request for leave to file a second or successive application under Section 2254. (Docs. 7 and 8 in 19-cv-1244)

As a consequence, this court lacks jurisdiction to review another application until the circuit court grants Truesdale permission to file a second or successive application. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *Accord Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004)

---

\* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

(recognizing that a district court lacks subject matter jurisdiction to review a second or successive application if an applicant lacks the authorization from the circuit court required under Section 2244(b)(3)(A)); *Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017) ("In order to file a second or successive habeas corpus petition, a state prisoner must 'move in the appropriate court of appeals for an order authorizing the district court to consider the [petition].' 28 U.S.C. § 2244(b)(3)(A). Otherwise, a district court lacks jurisdiction to consider the petition and is required to dismiss it.") (brackets original).

Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014) (applying *Williams* in determining that the district court lacked jurisdiction because the motion under Rule 60(b), Federal Rules of Civil Procedure, was

actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED** as an unauthorized second or successive application. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on 4/28, 2021.

THOMAS P. BARBER
UNITED STATES DISTRICT JUDGE